UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-10256-RGS

UNITED STATES OF AMERICA

v.

CHRISTIAN GONZALEZ

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

November 24, 2020

STEARNS, D.J.

Petitioner Christian Gonzalez brought this petition on September 22, 2020, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] On November 15, 2020, the government filed an opposition together

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

with an affidavit from Paul J. Anthony, Esq., Gonzalez's former counsel in this case.  Gonzalez was one of the many members of the so-called East Side Money Gang indicted on June 8, 2016, for drug trafficking, among other offenses.  On October 12, 2017, Gonzalez pled guilty to trafficking.  On April 6, 2018, the court sentenced Gonzalez to a mandatory ten-year minimum term of imprisonment.

While the petition is based on a claim of ineffective assistance of counsel, the grounds of the claim shift between a purported conflict of interest on the part of Attorney Anthony and, relatedly, his purported advice that Gonzalez not pursue a sentence reduction under the so-called Safety Valve, 18 U.S.C. ¶ 3553(f).

*Conflict of Interest*

The investigation and arrest of some sixty-six members of the Easy Money Gang was a joint state and federal effort.  Thirteen of the gang's leaders and principal players, including Gonzalez, were indicted and prosecuted in federal court; the lesser players, among them Angel Prats Diaz, were prosecuted in state court.  In addition to Gonzalez, Attorney Anthony was appointed represent Diaz, whose Superior Court case was dismissed by

way of a nolle prosequi on September 26, 2017.  This dual representation is alleged by Gonzalez to have constituted an actual conflict of interest on Anthony's part.

To prevail on a claim of ineffective assistance of counsel, a defendant who "raised no objection at trial [or sentencing] must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).  A concrete showing of actual conflict is imperative: "The possibility of conflict is insufficient to impugn a criminal conviction."  *Id.* at 350.  An "actual" conflict of interest is a conflict "that adversely affected counsel's performance . . . as opposed to a mere theoretical division of loyalties."  *Mickens v. Taylor*, 535 U.S. 162, 171 (2002).  An actual conflict of interest arises when an attorney subordinates his duty to his client to "other interests or loyalties." *United States v. Soldevila-Lopez*, 17 F.3d 480, 486 (1st Cir. 1994).

"A conflict of interest is [also] present whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing." *Gray v. Director, Dep't of Corrs.*, 721 F.2d 586, 596-597 (7th Cir. 1983); *see also United States v. Bucuvalas*, 98 F.3d 652, 656 (1st Cir. 1996) (same).  There is also the possibility of an actual conflict

where the same counsel represents different defendants in related cases, *Reyes-Vejerano v. United States*, 276 F.3d 94, 100 (1st Cir. 2002), which appears to be what Gonzalez has in mind.

However, Gonzalez points to nothing other than the fact that Attorney Anthony represented Diaz (whose connection to Gonzalez is not explained beyond their shared affiliation with the Easy Money Gang) in a state case that arose from the same investigation that resulted in Gonzalez's federal indictment. He gives no other suggestion of divided loyalty on Anthony's part other than the claim that Anthony discouraged him from taking advantage of the Safety Valve because "had he advised Gonzalez to pursue the safety valve, this would have directly affected the case against [Diaz]." Def.'s Pet. at 10-11 (Dkt #660). Apart from the fact that the claim is demonstrably false, an "actual" conflict of interest will not be inferred from the mere fact of joint representation. *Cuyler*, 446 U.S. at 346-347; *Commonwealth v. LaFleur*, 1 Mass. App. Ct. 327, 330-331 (1973) (same). Most telling is the fact that Anthony's representation of Diaz came to an end a month before Gonzalez pled guilty and six months before he was sentenced. A conflict arising from dual representation will ordinarily end when representation of the other client is discontinued. *Commonwealth v. Balliro*, 437 Mass. 163, 168 (2002). So at best, Gonzalez is arguing an actual conflict

4

arising from the successive representation of himself and Diaz, a proposition effectively rejected by the Supreme Court in *Mickens*, 535 U.S. at 174-176 (deploring the "unblinking" application of *Sullivan* to all varieties of attorney ethical conflicts and criticizing the holding in *Perillo v. Johnson*, 205 F.3d 775 (5th Cir. 2000)).

*The Safety Valve Claim*

That Gonzalez relied on the advice of Attorney Anthony in refusing to make the necessary proffer to satisfy the Safety Valve (thereby likely reducing his sentence in half) is improbable on its face. Gonzalez was made fully aware of his preliminary eligibility for a safety valve reduction by the Probation Office in the Presentence Report, which confirmed that pending the proffer he was an eligible candidate. (The court had advised Gonzalez of the prospect of the mandatory minimum ten-year sentence at the time of his plea). At the sentencing hearing itself, the refusal of Gonzalez to make a safety valve proffer and the resulting impact on his sentence was a matter of discussion among the court, the prosecutor, and Attorney Anthony. As the government notes, at no point during the proceeding did Gonzalez raise an issue or objection about the safety valve or his sentence. Gov't.'s Mem. at 5 (Dkt #673).[2]

---

[2] In his affidavit supporting the petition Gonzalez carefully omits any

Finally, Attorney Anthony filed a sworn affidavit (Dkt # 673-1) with the court stating that on April 17, 2018, prior to the sentencing hearing he had spoken with the Probation Office about the Safety Valve language in the PSR, that he had then traveled that same day to the Plymouth jail where Gonzalez was detained to discuss the PSR with him and the potential of a safety valve reduction, and had then telephoned AUSA Crowley to insure that the government would be open to a proffer. The following day, he returned to Plymouth to relay the government's willingness to hear a proffer and to explain the mechanics of going forward, but that Gonzalez had "vehemently refused." *Id.* ¶ 13. Anthony then filed a sentencing memorandum with the court confirming that Gonzalez "did not opt for the safety valve." Dkt #385 at 3. Not only do I find the affidavit inherently credible, particularly as it is coming from an officer of the court, but I also note that the events related by Attorney Anthony are consistent with the court's and the government's own records.

ORDER

For the foregoing reasons, Gonzalez's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>. Petitioner is advised that any request for

---

mention of Attorney Anthony's supposed advice that he not pursue a safety valve reduction.

the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal. The Clerk will close the matter and notify the petitioner accordingly.

        SO ORDERED.

        <u>/s/ Richard G. Stearns           </u>
        UNITED STATES DISTRICT JUDGE